UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| **REXING QUALITY EGGS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17-CV-141 |
| | ) |
| **REMBRANDT ENTERPRISES, INC.,** | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 USC §§ 1332 and 1446, Defendant Rembrandt Enterprises, Inc., an Iowa Corporation, hereby removes to this Court the cause captioned *Rexing Quality Eggs v. Rembrandt Enterprises, Inc*., Cause No. 82D07-1708-CT-004348 pending in the Vanderburgh Vanderburgh Superior Court, State of Indiana.

### Background

1. Plaintiff Rexing Quality Eggs ("Rexing" or "Plaintiff") commenced an action against Rembrandt Enterprises, Inc., an Iowa Corporation ("Rembrandt" or "Defendant") on August 16, 2017, by filing a copy of the Summons and Complaint in the Vanderburgh Superior Court. Defendant received and was served with the Summons and Compliant by Certified U.S. Mail on August 21, 2017. Plaintiff has not served any other papers or pleadings with regards to this matter, to date, upon Defendant. Attached as Exhibit A is a copy of Plaintiff's Summons, Complaint and Service of Process Transmittal served upon Rembrandt.

**Diversity Jurisdiction**

2.     Plaintiff alleges that it was at the time of this commencement of this action, and remains at the time of this Notice of Removal, a citizen of the State of Indiana with a principal office address located in Evansville, Indiana. **Complaint at ¶ 1**. Plaintiff further alleges that it is a general partnership, **Complaint ¶1**, and, to the extent a general partnership exists, the individual partners of such entity - Joseph Rexing, Jr., Leo R. Rexing and Dylan Rexing – are all domiciled in the State of Indiana.

3.     Rembrandt is an Iowa corporation with its principal place of business in the State of Iowa where Rembrandt's officers direct, control and coordinate Rembrandt's actions, and as such, Rembrandt is a citizen of the State of Iowa.

4.     There is complete diversity of citizenship between Rexing and Rembrandt because Rembrandt is a citizen of Iowa and Rexing and its individual partners are citizens of Indiana.

5.     The Complaint alleges excuse of performance and breach of contract/warranty relating to an agreement by and between Rexing and Rembrandt under which it was contemplated that Rexing would pay Rembrandt over $3,000,000 for the shipment of eggs during the term of the agreement ("Contract").  The Contract is attached as Exhibit 1 to Plaintiff's Complaint.  The amount in controversy exceeds $75,000, to wit:

> a) the initial one-year term contemplated Rexing receiving and paying for twelve (12) loads of eggs per week with each load containing no less than twenty-five (25) pallets and approximately nine hundred (900) dozen eggs at a rate of $.80-$.85/dozen for an

    approximate payment due to Rembrandt of $216,000-$229,500/week. **Complaint, Exhibit A (¶B, ¶C)**.

  b) In its Complaint, Rexing claims (all of which Rembrandt expressly deny) that "a high percentage of the loads" that Rexing received from October 3, 2016-June 5, 2017 purportedly did not conform to certain express warranties in the Contract, that Rexing took only 12 of 24 loads from May 22, 2017-June 4, 2017, that Rexing terminated the Contract on June 5, 2017 with just under 20 weeks left on the Contract's initial term, and that Rexing is entitled to its attorney fees. **Complaint, ¶13, ¶14, ¶15, ¶18, ¶22, and ¶26**;and

  c) While Rembrandt does not agree that Rexing Quality Eggs, the general partnership, is the contracting party under the Contract, Rembrandt is still owed in excess of $ 2,000,000.00 for eggs under the Contract and an award of its attorney fees.

Consequently, the amount in controversy under the Contract that is the subject of this action is well in excess of $75,000.00 exclusive of interests of costs.

  6. The United States District Court has original jurisdiction of this matter under 28 USC § 1332 in that the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00 and is between citizens of different states.

  7. Venue is proper in this District pursuant to 28 U.S.C. §1446(a) because the state court where the suit has been pending is located in this district.

8. The Notice of Removal is being filed within thirty (30) days of Defendant's receipt of service of the Complaint, with which Defendant was served on August 21, 2017, and is therefore timely, pursuant to 28 USC § 1446(b).

9. Pursuant to 28 USC § 1446(d) a copy of the Notice of Removal shall be served upon Plaintiff and a Notice of Removal shall be filed with the Clerk of the Vanderburgh County (Indiana) Superior Court where the suit is pending.

10. Pursuant to 28 USC § 1446(a), Defendant has attached hereto, as Exhibit A, copies of all processes and pleadings served on Defendant in the state court action by Plaintiff.

**Dated: September 8, 2017**

Respectfully submitted,

/s/ Tony W. Fehrenbacher
A.J. Manion, IN Bar No. 18066-82
Tony W. Fehrenbacher, IN Bar No. 23563-71

**MANION STIGGER, LLP**
20 N.W. First Street, Suite 200
Evansville, Indiana 47708
Tel: (812) 425-5200
Fax: (812) 425-2464
Email: ajmanion@manionstigger.com
tfehrenbacher@manionstigger.com

*Counsel for Rembrandt Enterprises, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 8th day of August, 2017, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of this filing to all attorneys of record in this action.  I further certify on this same day that the foregoing was placed in U.S. Mail, First Class, to the following:

James D. Johnson, Esq.
Spencer W. Tanner, Esq.
JACKSON KELLY PLLC
221 N.W. Fifth Street
PO Box 1507
Evansville, Indiana  47706-1507
*Counsel for Plaintiff*

                          /s/ Tony W. Fehrenbacher
                          A.J. Manion
                          Tony W. Fehrenbacher

#79154