Filed: 8/16/2017 3:10 PM
Clerk
Vanderburgh County, Indiana

Vanderburgh Superior Court 7

| | | |
|---|---|---|
| STATE OF INDIANA | ) | SS:  IN THE VANDERBURGH CIRCUIT COURT |
| | ) | |
| COUNTY OF VANDERBURGH | ) | CAUSE NO:  82D0    -17    -CT- _____ |
| | | **82D07-1708-CT-004348** |
| REXING QUALITY EGGS, | ) | SUMMONS BY CERTIFIED MAIL |
| Plaintiff, | ) | |
| | ) | TO: |
| v. | ) | **REMBRANDT ENTERPRISES, INC.** |
| | ) | **c/o CT Corporation System, Registered Agent** |
| REMBRANDT ENTERPRISES, INC., | ) | **400 E. Court Avenue** |
| Defendant. | ) | **Des Moines, IA 50309** |

**TO ABOVE NAMED DEFENDANT OR DEFENDANTS:**
You have been sued by the person(s) named "Plaintiff" in the Court stated above.  The nature of the suit against you is stated in the Complaint which is attached to this document.  It also states the demand which the Plaintiff has made and wants from you.  You must answer the Complaint in writing, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons, or judgment may be entered against you for what the Plaintiff has demanded. If you have a claim for relief against the Plaintiff, arising from the same transaction or occurrence, you must assert it in your written answer.

The following manner of service of summons is hereby designated:
**CERTIFIED MAIL**, Tracking No. _____

**CERTIFICATE OF ISSUANCE OF SUMMONS**
I hereby certify, that on _____ ____, 2017, I mailed a copy of this summons and a copy of the **Complaint and Appearance** to the above named Defendant, Rembrandt Enterprises, Inc., by Certified Mail, requesting a return receipt signed by the addressee only, addressed to said Defendant, at the address furnished by the Plaintiff.
Date: _____

_____

(Seal)                                        _____(Printed)

**RETURN ON SERVICE OF SUMMONS BY MAIL**
I hereby certify that service of summons with return receipt requested was mailed on _____ ____, 2017 that a copy of the return receipt was received on _____ ____, 2017 which a copy is attached herewith.
Date: _____

_____

(Seal)                                        _____(Printed)

Date:  __August 16, 2017__
James D. Johnson , Atty No 11984-49
Spencer W. Tanner, Atty. No. 32436-49
Attorneys for Plaintiff
JACKSON KELLY PLLC
221 N.W. Fifth Street, P.O. Box 1507
Evansville, Indiana 47706-1507
Tele: 812-422-9444  Fax: 812-421-7459
jdjohnson@jacksonkelly.com
spencer.tanner@jacksonkelly.com

**SUMMONS BY CERTIFIED MAIL:**
**Rembrandt Enterprises, Inc.**
**c/o CT Corporation System, Registered Agent**
**400 E. Court Avenue**
**Des Moines, IA 50309**



Filed: 8/16/2017 3:10 PM
Clerk
Vanderburgh County, Indiana

Vanderburgh Superior Court 7

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE VANDERBURGH CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF VANDERBURGH | ) | CAUSE NO: 82D0__-17____-CT-_____ |

**82D07-1708-CT-004348**

| | |
|---|---|
| REXING QUALITY EGGS, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| REMBRANDT ENTERPRISES, INC., | ) |
| Defendant. | ) |

## COMPLAINT

Comes now Plaintiff, Rexing Quality Eggs ("Rexing"), by counsel, Jackson Kelly PLLC, and for its Complaint against Rembrandt Enterprises, Inc. ("Rembrandt") states as follows:

### GENERAL ALLEGATIONS

1.      Rexing is an Indiana general partnership with a principal office address located in Evansville, Indiana.

2.      Rexing is in the business of grading and wholesaling eggs.

3.      Rexing's business involves purchasing eggs and distributing them to retail locations.

4.      Rembrandt is a foreign corporation with facilities located in Rembrandt, Iowa, and a contact address located in Spirit Lake, Iowa, that engages in business throughout the United States.

5.      Rembrandt produces eggs for human consumption at its farming facilities.

6.      On September 2, 2016, Rexing and Rembrandt entered into a Purchase Agreement ("Agreement") for White Nest Run Shell Eggs ("Shell Eggs"). The Agreement is attached as Exhibit 1.

7.      The Shell Eggs were to be produced, advertised and sold as "Cage Free." This was considered a new, specialized premium product ("Premium Products").

1

8.     The Agreement was prepared exclusively by Rembrandt.

**COUNT I – EXCUSED PERFORMANCE**

9.     Rexing incorporates by reference all allegations set forth in paragraphs 1-8 as though set forth fully herein.

10.     Rembrandt and Rexing agreed that certain acts outside of the control of either party that would excuse performance by either party. Specifically, the Agreement states "Any…failure of either party to perform its obligations under this Agreement shall be excused if, and to the extent that the…failure is caused or materially contributed to by force majeure or other acts or events beyond the reasonable control of a party hereto." Ex. 1, ¶ O.

11.     Rembrandt assumed the risk that Rexing may invoke this provision to excuse its performance by writing the provision into the Agreement.

12.     Consumer demand for the Premium Products unexpectedly fell because customers became unwilling to purchase them when lower-priced cage eggs were available.

13.     Directly in response to the significant and unexpected reduced consumer demand for Premium Products, Rexing notified Rembrandt that it was exercising its rights under the Agreement by taking eight loads of Shell Eggs rather than the usual twelve during the week of May 22-28, 2017.

14.     Directly in response to the significant and unexpected reduced consumer demand for Premium Products, Rexing notified Rembrandt that it was exercising its rights under the Agreement by taking four loads of Shell Eggs rather than the usual twelve during the week of May 29-June 4, 2017.

15.     Directly in response to the significant and unexpected reduced consumer demand for Premium Products, Rexing notified Rembrandt that it was exercising its rights under the Agreement by taking no loads of Shell Eggs since June 5, 2017.

2

16.    The significant drop in consumer demand for Premium Products was an event beyond the reasonable control of Rexing under the terms of the Agreement.

17.    The significant drop in consumer demand for Premium Products qualifies as an event excusing Rexing's performance under the terms of the Agreement.

18.    Rexing is entitled to attorney fees and costs pursuant to the Agreement.

19.    Declaratory relief as to the invocation and the enforcement of the Agreement will terminate the controversy among the parties and/or remove uncertainty under this cause.

## COUNT II – BREACH OF EXPRESS WARRANTIES

20.    Rexing incorporates by reference all allegations set forth in paragraphs 1-19 as though set forth fully herein.

21.    Rembrandt expressly warranted the specifications of the loads of Shell Eggs. *See* Exhibit A to Exhibit 1 ("Specifications").

22.    A high percentage of the loads of Shell Eggs sold to Rexing failed the Specifications.

23.    Rembrandt was notified that a high percentage of the loads of Shell Eggs sold to Rexing did not meet the Specifications.

24.    Rembrandt's Shell Eggs sold to Rexing did not conform to its express warranty, and Rembrandt breached the express warranty provision in the Agreement.

25.    Rexing has suffered damages as a result of Rembrandt's breach and failure to comply with its expressed warranty contained in the Agreement.

26.    Rexing is entitled to attorney fees and costs based on Rembrandt's breach of its express warranty.

3

## PRAYER FOR RELIEF

**WHEREFORE**, Rexing respectfully prays for the following:

(a)     A declaratory judgment in favor of Rexing and against Rembrandt, pursuant to Ind. Code § 34-14-1-1, *et seq.*, interpreting the Agreement, and declaring that Rexing is excused from its obligations to perform under the Agreement due to events beyond its reasonable control;

(b)     Relief as applicable judgment against Rembrandt in the amount sufficient to compensate Rexing for damage sustained;

(c)     Consequential and incidental damages;

(d)     Termination of the Agreement;

(e)     Pre-judgment and post-judgment interest;

(f)     Attorneys' fees and expenses; and,

(g)     Any and all other just and proper relief in the premises.


Dated: August 16, 2017          Respectfully submitted,

**JACKSON KELLY PLLC**

*/s/* James D. Johnson
James D. Johnson, 11984-49
Spencer W. Tanner, 32436-49
P.O. Box 1507
Evansville, IN 47706
Email: jdjohnson@jacksonkelly.com;
       spencer.tanner@jacksonkelly.com
Telephone: (812) 422 – 9444
Fax: (812) 421 – 7459
*Counsel for Plaintiff, Rexing Quality Eggs*

4

## REQUEST FOR TRIAL BY JURY

Plaintiff, Rexing Quality Eggs, respectfully requests trial by jury on all counts of this Complaint.

/s/ James D. Johnson
James D. Johnson, 11984-49
Spencer W. Tanner, 32436-49
P.O. Box 1507
Evansville, IN 47706
Email: jdjohnson@jacksonkelly.com;
        spencer.tanner@jacksonkelly.com
Telephone: (812) 422 – 9444
Fax: (812) 421 – 7459
*Counsel for Plaintiff, Rexing Quality Eggs*

## CERTIFICATE OF TRIAL RULE 5(G) COMPLIANCE

I hereby certify that the foregoing document complies with the requirements of Trial Rule 5(G) with regard to information excluded from the public record under Administrative Rule 9(G).

/s/ James D. Johnson

5

# EXHIBIT 1



# Rembrandt Foods

Parties:   Rembrandt Enterprises, Inc.              Rexing Quality Eggs
           1521 18th Street                         4501 Hitch Peters Road
           Spirit Lake, Iowa  51360                 Evansville, IN 47711

           ("Rembrandt")                            ("Purchaser")

Date:  September _2_ , 2016

A.   **Product:**   White Nest Run Shell Eggs (the "Shell Eggs") meeting the
     requirements contained on Exhibit A, attached hereto.

B.   **Volume:**   Purchaser shall purchase, and Rembrandt will supply, twelve (12)
     loads of Shell Eggs per week during the Term, as hereinafter defined,
     commencing the week of October 3, 2016.  For purposes of this Agreement, a
     "load" is comprised of no less than 25 pallets (or such lesser number of pallets as
     are may be required to avoid violating applicable gross weight transportation
     requirements,) with approximately 900 dozen Shell Eggs per pallet. The Parties
     have agreed to permit Rembrandt a period of time to meet this schedule.  Without
     limitation, the schedule below is a tentative ramp up schedule expected to be in
     place for deliveries through the week of December 25 (the "Ramp Up Period,")
     whereby Rembrandt has the right to source certain loads from other locations, and
     to supply less than twelve loads per week, until all loads can be supplied from
     Tipton, Missouri location:

| Start Date | Tipton, MO Loads | Loads Other Locations | Total Loads |
|---|---|---|---|
| 10/3/2016 | 6 | | 6 |
| 10/10/2016 | 7 | 1 | 8 |
| 10/17/2016 | 9 | 3 | 12 |
| 10/24/2016 | 10 | 2 | 12 |
| 10/31/2016 | 10 | 2 | 12 |
| 11/7/2016 | 10 | 2 | 12 |
| 11/14/2016 | 10 | 2 | 12 |
| 12/25/2016 | 11 | 1 | 12 |
| 2/12/2017 | 12 | | 12 |

 **Rembrandt Foods**

C.   **Price:**  The price ("Price") for Shell Eggs purchased by Purchaser hereunder for the Initial Term, as hereinafter defined, shall be $0.85 per dozen, FOB, Tipton, Missouri, or, during the Ramp Up Period, from other locations designated by Rembrandt.   In the event that Rembrandt designates an alternative location for pick up of the Shell Eggs by Purchaser, the Price for the Shell Eggs shall be $0.80 per dozen, FOB such alternative location.  The Price for Shell Eggs for each Continuation Term thereafter shall be mutually agreed upon between the parties, as specified in Section F.

D.   **Freight/Transportation/Loading:**   Purchaser is responsible for arranging and paying for any necessary transportation from the origination point.  Rembrandt shall, however, be responsible for completing all loading of eggs onto trucks. Purchaser may, from time to time, provide recommendations and guidance upon desired loading procedures; provided, that any changes from Rembrandt loading practice will be mutually agreed upon.  Loading shall take place at mutually agreed upon dates and times; provided, that all loading shall be required to occur between 7:00 a.m. and 4:00 p.m. during any loading day.  Purchaser shall supply all required materials (i.e., without limitation, all pallets, flats, boards) necessary to packing and shipping the Shell Eggs for Purchaser hereunder.  All such materials are to be properly washed clean, sanitized and dried by Purchaser at Purchaser's facility (and at Purchaser's expense) prior to providing materials to Rembrandt's facility for use in egg packing.

E.   **Payment:**    Payment terms are Net 21 days from invoice date.  Failure of Purchaser to pay any past due invoice shall give Rembrandt the right to suspend future shipments until previous shipments are paid for, and/or, at the option of Rembrandt, to terminate this Agreement by giving written notice thereof to Purchaser.  Past due invoices shall be subject to an interest charge of one percent (1%) per month.

F.   **Term of Agreement:**  This Agreement will be for an initial term commencing as of October 3, 2016 ("Commencement Date") and terminating October 3, 2017 (the "Initial Term").   Thereafter, this Agreement shall continue for three (3) year one year periods thereafter (each, a "Continuation Term," and together with the Initial Term, the "Term,") unless terminated by either party upon written notice to the other party at least three (3) months notice prior to the expiration of the Initial Term or any Continuation Term thereafter.  If Rembrandt's decision to terminate is based upon an offer with improved pricing or other terms and conditions from a third party, Rembrandt will, accompanying such notice, provide to Purchaser a summary of the material terms of such third party offer.  If Purchaser, does not, within fifteen (15) days of receipt of such third party offer, agree (in a form satisfactory to Rembrandt) to match the terms of such third party offer, Rembrandt will be entitled to pursue such third party offer, and this Agreement shall terminate as provided in this Section.  Notwithstanding the foregoing, if the

 Rembrandt Foods

Price for Shell Eggs is not mutually agreed upon at least two (2) months prior to the commencement of any Continuation Term, either party shall be entitled to terminate this Agreement upon written notice the other party.

G.   **Specifications:**       Rembrandt will produce and supply Shell Eggs according to the specifications set forth in Exhibit A, attached hereto and part hereof.

H.   **Title and Risk of Loss:**  Title and Risk of loss to Shell Eggs shall pass to Purchaser upon loading at in Tipton, Missouri, or such other location designated by Rembrandt for loading hereunder.

I.   **Warranties:** Rembrandt represents and warrants to Purchaser that all Shell Eggs sold to Purchaser pursuant to this Agreement will not be adulterated or misbranded within the meaning of the Federal Food, Drug and Cosmetic Act, as amended, and not be an article which may not be introduced into interstate commerce under the provisions of Section 404 or 405 of such act.  NO OTHER REPRESENTATION OR WARRANTIES OF ANY KIND OR NATURE, WHETHER EXPRESS OR IMPLIED, OR OTHERWISE ARE MADE OR INTENDED BY REMBRANDT WITH RESPECT TO THE SHELL EGGS, AND REMBRANDT SPECIFICALLY DISCLAIMS ANY WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

J.   **Attorneys' Fees:**  The prevailing party shall be entitled to attorneys' fees and costs of collection in any dispute arising under this Agreement.

K.   **Assignment:**  This Agreement shall not be assigned by either party without the other party's prior written consent.  Notwithstanding the foregoing, the parties agree that Rembrandt shall be entitled to assign its right to payment under this Agreement as partial security for financing, to the financial institution(s) which have provided financing to Rembrandt.

L.   **Governing Law:**  This Agreement shall be governed by and construed under the laws of the State of Iowa.

M.   **Other Terms:**  In no event shall Rembrandt be responsible for any lost profits, or any special, indirect, incidental, consequential, or punitive damages, even if advised in advance of the possibility of such damages.

N.   **Waiver:**  The failure of either party to insist in any one or more instances upon performance of any terms or conditions of this Agreement shall not be construed as a waiver of future performance of any such terms and conditions, but the obligations of each party shall continue in full force and effect.



# Rembrandt Foods

**O.**   **Force Majeure:**  Any delay or failure of either party to perform its obligations under this Agreement shall be excused if, and to the extent that the delay or failure is caused or materially contributed to by force majeure or other acts or events beyond the reasonable control of a party hereto.   During the period of the delay or failure to perform by Rembrandt, the Purchaser may, at its option, purchase Shell Eggs from other sources.

**P.**   **Entire Agreement:**  This writing constitutes the entire understanding of Rembrandt and Purchaser and supersedes all previous agreements, proposals or negotiations, between the parties with respect to the subject matter hereof.  No modification, alteration or change in the terms hereof shall be effective unless made in writing and signed by both Purchaser and Rembrandt.

   IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date written below.

REMBRANDT ENTERPRISES, INC.     REXING QUALITY EGGS

Title: _____     Title: _VP of Operations_

Date: _9-4-16_____     Date: _9-2-16_____

~ 4 ~

 **Rembrandt Foods**

**EXHIBIT A**
**SPECIFICATIONS**

**Each load with be inspected at loading, and all Shell Eggs will be supplied in compliance with the following specifications:**

**Egg Specifications –** All Shell Eggs shall be white eggs.
Average case weights for each load of Shell Eggs shall be between 47 lbs. and 52 lbs.
Shell Eggs loaded into Purchaser pick up vehicles shall be no older than 7 days from the date of lay.

**Certified Humane –** All facilities producing Shell Eggs under this Agreement shall be certified by Humane Farm Animal Care, or an appropriate successor organization, as "Certified Humane" or its equivalent, based upon the standards in effect as of the date of this Agreement.   In the event of a change in the requirements to obtain certification after the date of this Agreement, the parties shall adjust the Price of the Shell Eggs hereunder to reflect the cost associated with Rembrandt implementing necessary changes. If Purchaser does not request Rembrandt to implement any necessary changes to maintain "Certified Humane" certification, the Purchaser may choose to go with an equivalent or successor organization; provided, that any changes required by Rembrandt to comply with the requirements of such equivalent or successor organization shall require an adjustment to the Price of the Shell Eggs hereunder to reflect the cost associated with Rembrandt implementing any necessary changes.

**Inspection and Grading –** All Shell Eggs hereunder shall be inspected within ten (10) business days of receipt by Purchaser at the Purchaser's _Rose bud_, _AR_, facility, and Purchaser shall be obligated to notify Rembrandt, in writing, within such ten (10) business day period of any failure to conform with the specifications and requirements herein.  With respect to each load of Shell Eggs, ninety-one and a half percent (91.5%) of such Shell Eggs shall grade out as Grade A, and specifically, no more than eight and a half percent (8.5%) of any load of Shell Eggs shall grade out as restricts or losses.  With regard to any load in which in excess of eight and a half percent (8.5%) of Shell Eggs grade as restricts or losses (such excess restricts and losses in a load hereinafter the "Excess Losses") as reported, in writing, to Rembrandt (with grading documentation attached) no later than ten (10) business days following receipt by Purchaser of such load, Rembrandt shall issue a credit for such Excess Losses, so that the payment by Purchaser for such Shell Eggs comprising the Excess Losses will be equal to five cents back of the High Side Breaker Market quoted on the Thursday prior to the date of shipment,  in lieu of the payment specified in this Agreement.  Notwithstanding the foregoing, in no event shall a deduction on any load of Shell Eggs exceed a deduction on ten percent (10%) of the Shell Eggs in such load.

 **Rembrandt Foods**

In the event of any material breach of any of the specifications noted above, Purchaser shall provide immediate notice to Rembrandt and an opportunity to review and confirm the failure.  As Purchaser's sole remedy for such non-compliance, Purchaser shall have the right to reject any load in which the parties agree upon such non-compliance, and Rembrandt shall be responsible in the case of a rejected load, for reimbursing Purchaser its cost incurred for freight to deliver such load to Purchaser's grader, and Rembrandt shall be responsible for the freight to return the shipment to Rembrandt's designated location.

The parties may from time to time agree upon changes in production by Rembrandt in order to achieve certain agreed upon specialty egg characteristics.  Prior to implementing any such change, the parties shall agree to an adjustment in the Price under this Agreement to compensate Rembrandt for implementing any such change.

Rembrandt shall be entitled to observe the grading process to validate the calculations of Shell Eggs qualifying as restricts and losses.  In the event of disagreement with the number of Shell Eggs grading out as restricts and losses Rembrandt shall be entitled to require an independent evaluation or review of the Shell Eggs, to validate the determination of restricts and losses.

Filed: 8/16/2017 3:10 PM
Clerk
Vanderburgh County, Indiana

Vanderburgh Superior Court 7

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE VANDERBURGH CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF VANDERBURGH | ) | CAUSE NO: 82D0__-17____-CT-_____ |

**82D07-1708-CT-004348**

| | |
|---|---|
| REXING QUALITY EGGS, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| REMBRANDT ENTERPRISES, INC., | ) |
| Defendant. | ) |

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:
   Initiating ___X___      Responding _____      Intervening _____ ; and

   the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

   Name of party:      Rexing Quality Eggs
                       4501 Hitch Peters Road
                       Evansville, IN 47711

2. Attorney information for service as required by Trial Rule 5(B)(2)

   Name:            James D. Johnson
   Atty Number:     11984-49
   Address:         221 N.W. Fifth Street
                    P.O. Box 1507, Evansville, Indiana 47706
   Phone:           812-422-9444
   FAX:             812-421-7459
   E-mail Address:  jdjohnson@jacksonkelly.com

   Name:            Spencer W. Tanner
   Atty Number:     32436-49
   Address:         221 N.W. Fifth Street
                    P.O. Box 1507, Evansville, Indiana 47706
   Phone:           812-422-9444
   FAX:             812-421-7459
   E-mail Address:  spencer.tanner@jacksonkelly.com

3. This is a __CT__ case type as defined in administrative Rule 8(B)(3).

4. I will accept service by FAX at the above noted number: Yes _X_ No _____

1

5.  This case involves child support issues. Yes _____ No _X_____

6.  This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes _____ No _X_ The party shall use the following address for purposes of legal service:

    ___X_____   Attorney's address
    _____   The Attorney General Confidentiality program address
                 (contact the Attorney General at 1-800-321-1907 or e-mail address is
                 **confidential@atg.state.in.us**).
    _____   Another address (provide)

    _____

7.  This case involves a petition for involuntary commitment. Yes _____ No _X_

8.  If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

    a.  Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: _____

    b.  State of Residence of person subject to petition: _____

    c.  At least one of the following pieces of identifying information:
        (i)    Date of Birth _____
        (ii)   Driver's License Number _____
               State where issued _____ Expiration date _____
        (iii)  State ID number _____
               State where issued _____ Expiration date _____
        (iv)   FBI number _____
        (v)    Indiana Department of Corrections Number _____
        (vi)   Social Security Number is available and is being provided in an attached
               confidential document Yes _____ No _____

9.  There are related cases: Yes ____ No _X___ *(If yes, list on continuation page.)*

10. Additional information required by local rule: _____

11. There are other party members: Yes _____ No _X_

12. This form has been served on all other parties and Certificate of Service is attached:
    Yes _X_ No___

2

_/s/_ James D. Johnson
James D. Johnson
(Attorney information shown above.)

_/s/_ Spencer W. Tanner
Spencer W. Tanner
(Attorney information shown above.)

## CERTIFICATE OF TRIAL RULE 5(G) COMPLIANCE

I hereby certify that the foregoing document complies with the requirements of Trial Rule 5(G) with regard to information excluded from the public record under Administrative Rule 9(G).

_/s/_ James D. Johnson

3

 **CT Corporation**

**Service of Process Transmittal**
08/21/2017
CT Log Number 531797249

**TO:**      Brian L. Enter
            Taylor Corporation
            1725 Roe Crest Dr
            North Mankato, MN 56003-1807

**RE:**      **Process Served in Iowa**

**FOR:**     Rembrandt Enterprises, Inc.  (Domestic State: IA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | REXING QUALITY EGGS, Pltf. vs. Rembrandt Enterprises, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Request, Attachment(s) |
| **COURT/AGENCY:** | Vanderburgh County: Superior Court 7, IN<br>Case # 82D071708CT004348 |
| **NATURE OF ACTION:** | Plaintiff seeking compensatory and punitive damages against defendant |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Des Moines, IA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/21/2017 postmarked on 08/16/2017 |
| **JURISDICTION SERVED :** | Iowa |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days commencing the day after you receive this summons |
| **ATTORNEY(S) / SENDER(S):** | James D. Johnson<br>JACKSON KELLY PLLC<br>P.O. Box 1507<br>Evansville, IN 47706<br>(812) 422-9444 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/22/2017, Expected Purge Date: 08/27/2017<br><br>Image SOP<br><br>Email Notification,  Brian L. Enter  BLEnter@taylorcorp.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>400 East Court Avenue<br>Suite 110<br>Des Moines, IA 50309<br>602-277-4792 |

Page 1 of  1 / CB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



NEOPOST
09/16/2017
US POSTAGE $007.71₁₅
ZIP 47708
041L10255105

CERTIFIED MAIL™

9171 9690 0935 0140 9028 89

REMBRANDT ENTERPRISES, INC.
c/o CT Corporation System, Registered Agent
400 E. Court Avenue
Des Moines, IA 50309