UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| REMBRANDT ENTERPRISES, INC, | ) | |
| | ) | |
| Counter Claimant, | ) | |
| | ) | |
| v. | ) | No. 3:17-cv-00141-JMS-MPB |
| | ) | |
| REXING QUALITY EGGS, | ) | |
| LEO R. REXING, | ) | |
| DYLAN REXING, | ) | |
| JOSEPH L. REXING | ) | |
| | ) | |
| Counter Defendants. | ) | |

**FINAL PRETRIAL CONFERENCE ORDER**

The final pretrial conference in this action is scheduled for **9:00 a.m.** on **October 17, 2019** in **Room 307**, United States Courthouse, 46 E. Ohio Street, Indianapolis, IN 46204. To facilitate the conference, and ultimately the trial, the Court now **ORDERS** as follows. To the extent that any instructions in this order conflict with those set forth in the case management plan, the instructions set forth in this order control. Copies of filings to be emailed to the Courtroom Deputy in MS Word form can be sent to **Judge_Stinson_Chambers@insd.uscourts.gov**.

*Trial Witness List*. Each party must file a Trial Witness List by **October 3, 2019**, listing only the witnesses the party anticipates actually calling to testify at trial. Absent consent of the opposing party, no witness that has not been previously listed may be included. A brief summary of each witness' expected testimony shall be included. Objections to any witness on another party's Trial Witness List must be filed by **October 10, 2019**. Counsel must be prepared to argue any objections at the final pretrial conference.

*Trial Exhibit List*.  Each party must file a Trial Exhibit List by **October 3, 2019**, listing only the exhibits the party anticipates actually introducing at trial.  The exhibits must be listed in an identifiable manner, such as by Bates numbers or by another system upon which all parties have agreed.  Absent consent of the opposing party, no exhibit that has not been previously listed may be included.  It is not sufficient to describe exhibits by category, such as "all exhibits identified in discovery."  Objections to an exhibit on another party's Trial Exhibit List must be filed by **October 10, 2019**.  Counsel must be prepared to argue any objections at the final pretrial conference.

*Voir dire*.  Absent specific objection raised before and sustained at the pretrial conference, the Court will examine the venire using the questions attached as **Exhibit 1**. As provided in the undersigned's Practices & Procedures, the parties will be permitted to conduct their own examinations of the venire after the Court has completed its examination, subject to a time limit to be decided at the pretrial conference.  If, despite the opportunity for party-conducted voir dire, a party proposes that the Court pose additional questions to the venire other than those that are attached as **Exhibit 1**, the party must file those proposed additional questions no later than **October 3, 2019**. The proposed questions must be accompanied by a statement (1) as to whether opposing counsel objects to the proposed questions and (2) if there is any objection, that the parties have met and conferred in an attempt to resolve the objection.  Objections to **Exhibit 1** must also be filed no later than **October 10, 2019**.

*Joint case synopsis*.  Both as part of voir dire and as part of the preliminary instructions, the Court will read a brief joint case synopsis of the claims and defenses in this action.  After meeting and conferring, the parties must file their joint case synopsis no later than **October 10, 2019**.  If they cannot agree, they must file competing versions of the case synopsis by that date.

Counsel must be prepared to present argument about competing case synopses at the pretrial conference.

*Preliminary instructions*. Absent specific objection raised before and sustained at the pretrial conference, the Court will give the jury the preliminary instructions attached as **Exhibit 2**. If any party desires additional preliminary instructions or objects to the Court's preliminary instructions, the party must (1) meet and confer with opposing counsel in an attempt to reach an agreed resolution, (2) file the proposed change(s) to **Exhibit 2** no later than **October 3, 2019**, and (3) email the proposed change(s) as an MS Word file to the Courtroom Deputy. If agreement cannot be reached, any response to a party's proposed change(s) must be filed no later than **October 10, 2019**. Counsel must be prepared to present argument about the proposed change(s) at the pretrial conference.

*Generic final instructions*. Absent specific objection raised before and sustained at the pretrial conference, the Court will include the instructions attached as **Exhibit 3**, which are all non-case-specific final instructions, as part of the Court's final instructions to the jury. If any party objects to any instruction included in **Exhibit 3**, the party must (1) meet and confer with opposing counsel in an attempt to reach an agreed resolution, (2) file the proposed change(s) to **Exhibit 3** no later than **October 3, 2019**, and (3) email the proposed change(s) as an MS Word file to the Courtroom Deputy. If agreement cannot be reached, any response to a party's proposed change(s) must be filed no later than **October 10, 2019**. Counsel must be prepared to present argument about the proposed change(s) at the pretrial conference.

*Case-specific final instructions*. The parties must meet and confer in an attempt to craft an agreed set of case-specific final jury instructions. The Court directs the parties to the Seventh

Circuit's Civil Pattern Jury Instructions, which may provide helpful guidance (available at **http://www.ca7.uscourts.gov/pattern-jury-instructions/pattern-jury.htm**). All agreed instructions must both be filed and emailed to the Courtroom Deputy as an MS Word file no later than **October 3, 2019**. All instructions to which there is no agreement must also be filed and emailed as an MS Word file to the Courtroom Deputy by that date, but the proposing party must additionally file a brief statement—no more than one page per instruction—providing the rationale, together with citations to authority, for giving the instruction. Any response to a party's proposed instructions on which there is no agreement must be filed no later than **October 10, 2019**. Counsel must be prepared to present argument about the contested instructions at the pretrial conference.

*Verdict forms*. The parties must meet and confer in an attempt to create agreed verdict forms. If agreement can be reached, the verdict forms must both be filed and emailed to the Courtroom Deputy as an MS Word file no later than **October 10, 2019**. If agreement cannot be reached, competing verdict forms must be filed and emailed to the Courtroom Deputy by that time. Counsel must be prepared to present argument about the competing verdict forms at the pretrial conference.

*Motions in Limine*. All motions in limine must be filed no later than **October 3, 2019**. Responses are due **October 10, 2019**. No replies are necessary. Counsel must be prepared to argue motions in limine at the pretrial conference.

Date: 9/11/2019

_____
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**